IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |
|---|---|
| SUNIL FONSEKA | * |
| Plaintiff, | * |
| v. | *   Case No.: GJH-14-3498 |
| ALFREDHOUSE ELDERCARE, INC. *et al.* | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Defendants AlfredHouse ElderCare, Inc. and Venna J. Alfred have filed a motion to seal, seeking to file all papers associated with the parties' proposed settlement agreement under seal. *See* ECF No. 24. Plaintiff does not oppose the motion. For the reasons explained below, the Motion to Seal is DENIED.

## DISCUSSION

Under Local Rule 105.11, "[a]ny motion seeking the sealing of . . . motions, exhibits[,] or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." These are strict requirements and not simply formalities. The public's right of access to judicial documents and records is a First Amendment right as well as a common law tradition. *Doe v. Public Citizen*, 749 F.3d 246, 265 (4th Cir. 2014). To seal an entire document there must be no less restrictive measures, such as filing

redacted versions of the document, available. *Rock v. McHugh*, 819 F.Supp. 2d 456, 475 (D. Md. 2011); *In re Search of 8420 Ocean Gateway Easton, Maryland*, 353 F.Supp. 2d 577, 580 (D. Md. 2004). The interests courts have found sufficiently compelling to justify sealing documents include "a defendant's right to a fair trial before an impartial jury," "protecting the privacy rights of trial participants such as victims or witnesses," and "risks to national security." *Doe*, 749 F.3d at 269. Also, "[a] corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade secret information, which in turn may justify partial sealing of court records." *Id.* If the Court does decide to seal any documents, it must state the reasons and specific supporting findings for its decision and the reasons for rejecting alternatives to sealing. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004).

Defendants assert that although the FLSA requires court approval of settlement agreements, it does not guarantee the public access to those agreements. *See* ECF No. 24 at 3. While parties may generally agree to keep settlement documents confidential, court approval of settlement is required in FLSA cases, and "the approval process is a judicial act and any document reflecting the terms of the settlement and submitted to the court is a judicial document to which the presumption of access likely applies." *Monzon v. Gali Serv. Indus., Inc.*, 2015 WL 1650167 at * 3 (D. Md. Apr. 13, 2015) (citations and internal quotation marks omitted). Thus, while it is true that the FLSA does not guarantee the public access to settlement agreements, if an FLSA settlement is filed for the court's approval, the parties must provide sufficient reasons before the court will seal the settlement agreement. Indeed, "[c]ourts have generally identified two bases supporting public access to settlement agreements in FLSA cases:"

> First is the general public interest in the content of documents upon which a court's decision is based, including a determination of whether to approve a settlement. *Jessup* [*v. Luther*, 277 F.3d 926, 928–29 (7th Cir.2002)]; *Boone*, 79 F.Supp. 2d at 609. Second is

2

the "private-public character" of employee rights under the FLSA, whereby the public has an "independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being.'" *Stalnaker* [*v. Novar Corp.,* 293 F.Supp.2d 1260, 1264 (M.D.Ala.2003)] (*quoting Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 706, 709, 65 S.Ct. 895, 89 L.Ed. 1296 (1945)).

*Monzon,* 2015 WL 1650167 at * 3–4 (citing *Hens v. Clientlogic Operating Corp.,* No. 05–CV– 381S, 2010 WL 4340919, at *2 (W.D.N.Y. Nov. 2, 2010)) (brackets and quotation marks in original).

Here, in support of sealing all documents related to the settlement agreement, Defendants explain that the current settlement agreement, which was not attached to the motion to seal, contains a confidentiality provision. *See* ECF No. 24 at 3. Defendants further contend that Plaintiff's counsel previously represented another employee for alleged FLSA violations and that employee told the current Plaintiff about the settlement she received. *See id.* at 2. Thus, Defendants wish to seal the settlement agreement over concern that they will be subject to other unmerited lawsuits. *Id.*

The presence of a confidentiality provision is not itself a sufficient reason to seal a settlement agreement. *See Martin v. Am. Honda Motor Co., Inc.*, 940 F.Supp. 2d 277, 280 (D.S.C. 2013); *Bureau of Nat'l Affairs v. Chase,* 2012 WL 3065352 at * 3 (D. Md. July 25, 2012) ("Aside from the bare fact that defendants and FMH agreed to the confidentiality of the settlement and the obvious interest of almost any party in keeping close the amount it is willing to pay (or receive) to settle a claim, the parties have articulated no basis to seal the settlement agreement."); *White v. Bonner*, 2010 WL 4625770 at * 2 (E.D.N.C. Nov. 4, 2010). In addition, courts have found that "fear of copycat suits" is insufficient to overcome the presumption of openness. *Kianpour v. Restaurant Zone, Inc*, 2011 WL 3880463 at *2 (D. Md. Aug. 30, 2011)

("while Defendants may hope that additional employees do not discovery that they have not been paid the wages to which they might be entitled under federal law, their argument in this regard does not support sealing the motion to approve settlement documents"); *Carpenter v. Colonial Mgmt. Group, LP*, 2012 WL 2992490 at *2 (D. Md. Jul. 19, 2012) ("Concerns with 'negative publicity or attention' clearly do not outweigh the strong public interest in access to FLSA settlement agreements."); *see also Wolinsky v. Scholastic Inc.*, 900 F.Supp. 2d 332, 338–39 (S.D.N.Y. 2012) (collecting cases). As these are the only reasons Defendants have presented, Defendants' motion to seal all documents related to the parties' settlement agreement is DENIED. Within 14 days of this Opinion and accompanying Order, the parties shall either submit the settlement agreement to the Court for review or request a scheduling call for further proceedings in this case.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Seal, ECF No. 24, is DENIED. A separate Order shall issue.

Dated: May   28  , 2015

GEORGE J. HAZEL
United States District Judge

4