IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| SUNIL FONSEKA | * |
| Plaintiff, | * |
| v. | Case No.: GJH-14-3498 |
| ALFREDHOUSE ELDERCARE, INC., *et al.* | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Sunil Fonseka filed this action against his former employer, Defendant Alfredhouse Eldercare, Inc. ("Alfredhouse") and owner Dr. Veena J. Alfred ("Dr. Alfred"), seeking damages and other relief for Defendants' alleged failure to pay him minimum and overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Article ("LE") § 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, LE § 3-501 *et seq.* ECF No. 3. Fonseka also alleges retaliation for raising complaints of Defendants' wage violations. *See id.* Defendants answered the Complaint and, in March 2015, the parties jointly requested a stay to engage in settlement efforts. ECF Nos. 4, 21 & 22.

Mediation took place on April 8, 2015 with retired United States District Judge Alexander Williams, and the parties now jointly move for approval of a settlement agreement. ECF No. 30. The Court has reviewed the Amended Complaint, the Answer, the parties' Joint Motion for Approval of Settlement Agreement, and the Settlement Agreement and Release. ECF Nos. 3, 4, 30 & 30-1. For the reasons explained below, the Court finds that *bona fide* disputes exist regarding liability under the FLSA, the settlement agreement is a fair and reasonable

compromise of the disputes, and the attorney's fees are reasonable. *See Leigh v. Bottling Group, LLC*, 2012 WL 460468 at * 4 (D. Md. Feb. 10, 2012); *Lopez v. NTI, LLC*, 748 F.Supp. 2d 471, 478 (D. Md. 2010); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). Therefore, the Court will GRANT the motion and instruct the clerk to close this case.

## I. FACTUAL BACKGROUND

According to Fonseka, Alfredhouse hired him in 2011 to work as a caregiver, providing general care and breakfast for the residents of Alfredhouse. *See* ECF No. 3 at ¶ 12. Fonseka alleges that he worked an average of seven days a week for fifteen hours a day. *See id.* at ¶ 13. Fonseka further alleges that Alfredhouse paid him a daily rate of between $50 and $65. *See id.* at ¶ 14. Defendants contend that Fonseka did not work the amount of hours he claims and that other Alfredhouse employees would be able to refute those claims. *See* ECF No. 30 at 4.

On October 29, 2014, Fonseka's counsel sent a letter to Defendants' counsel concerning alleged wage violations. *See* ECF No. 3 at ¶ 18. On the same day, Fonseka alleges, Dr. Alfred scolded him for pursuing a wage claim and reduced his hours. *See id.* at ¶ 20. Then, on October 31, 2014, Fonseka was told that he could no longer live at Alfredhouse (although it does not appear that he left at that time). *See id.* at ¶ 21. On November 6, 2014, Fonseka filed his original complaint in this Court. *See id.* at ¶ 22.

On November 7, 2014, Dr. Alfred filed a Petition for Peace Order against Fonseka, alleging that Fonseka had threatened to poison Alfredhouse's food supply. *See id.* at ¶ 23. On November 8, 2014, Defendants terminated Fonseka's employment. *See id.* at ¶ 25. On November 12, 2014, an evidentiary hearing on the peace order was held and it was denied for lack of proof. *See id.* at ¶ 26. Defendants then began locking Fonseka out of various rooms and eventually

locked him out of Alfredhouse. *See id.* at ¶¶ 27–29. Fonseka claims that these actions were taken in retaliation for his assertion of wage violations. *See id.* at ¶ 62.

## II. DISCUSSION

### A. FLSA Settlements

The FLSA does not permit settlement or compromise over alleged FLSA violations except with (1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects "a reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354; *see also Lopez*, 748 F. Supp. 2d at 478 (explaining that courts assess FLSA settlements for reasonableness). These restrictions help carry out the purpose of the FLSA, which was enacted "to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees." *Duprey v. Scotts Co. LLC*, 2014 WL 2174751 at *2 (D. Md. May 23, 2014). Before approving an FLSA settlement, courts must evaluate whether the "settlement proposed by an employer and employees . . . is a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355 (italics not in original). To do so, courts examine whether there are FLSA issues actually in dispute, the fairness and reasonableness of the settlement, and the reasonableness of the attorney's fees. *Duprey*, 2014 WL 2174751 at *2 (internal citations omitted). "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.'" *Id.* (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1354).

3

### B. *Bona Fide* Dispute

In determining whether a *bona fide* dispute over FLSA liability exists, the Court reviews the pleadings, any subsequent court filings, and the parties' recitals in the proposed settlement. *Lomascolo v. Parsons Brinkernoff, Inc.*, 2009 WL 3094955 at *10 (E.D. Va. Sept. 28, 2009). Here, a review of the filings demonstrates that while Fonseka contends that he is entitled to minimum and overtime wages, liquidated damages, and damages for retaliation, *see* ECF No. 3, Defendants argue that some of Fonseka's claim is barred by the statute of limitations, he did not work as many hours as he claims, he was provided board and lodging as part of his wages, and he was terminated because he threatened to poison Alfredhouse's food supply. *See* ECF Nos. 4 & 30 at 4. Defendants planned to use available time records and affidavits from Fonseka's coworkers to dispute the number of hours he worked. *See* ECF No. 30 at 4. Defendants concede, however, that less than perfect record keeping and the death of their Vice-President, who had knowledge of key events, would have hampered their defense. *Id.* Under these circumstances, the parties have sufficiently shown that *bona fide* disputes regarding the extent of liability under the FLSA exist in this case.

### C. Fairness & Reasonableness

In determining whether a settlement of FLSA claims is fair and reasonable, the Court may consider the following:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Lomascolo*, 2009 WL 3094955 at *10. Here, the parties have informally exchanged some documents related to this litigation, but have exchanged very little formal discovery. ECF No. 30 at 3. Given the current stage of the litigation, significant expenses would be incurred if the parties engaged in formal discovery, dispositive motions, and possibly trial. *See, e.g., Saman v. LBDP*, 2013 WL 2949047 at *3 (D. Md. June 13, 2013). Additionally, there has been no evidence to suggest any fraud or collusion in the settlement, and the settlement was reached after more than seven hours of mediation with retired Judge Alexander Williams, Jr. *See* ECF No. 30 at 2. The settlement agreement is for a total of $78,000 with $48,000 paid to Fonseka. *See* ECF No. 30-1. This figure represents a compromise between what Defendants estimate they owe and what Fonseka believes he is owed. *See* ECF No. 30 at 4. As was the case in *Saman*, "[i]n light of the risks and costs associated with proceeding further and Defendants' potentially viable defenses, this amount appears to reflect a reasonable compromise over issues actually in dispute." 2013 WL 2949047 at *5 (citation and internal quotation marks and brackets omitted).

Although the settlement agreement contains a general release of claims beyond those in the Complaint, and a general release can render an FLSA settlement agreement unreasonable, the Court is not required to evaluate the reasonableness of the settlement as it relates to non-wage-dispute claims if the employee is compensated reasonably for the release executed. *See Duprey*, 2014 WL 2174751 at *4. As explained above, the Court finds that $48,000 is reasonable for the release executed. *Cf. id.* ("This percentage fairly compensates Duprey for the general release executed.").

### D. Attorney's Fees

Traditionally, "[i]n calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'"

5

*Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008) and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984). This Court has established rates that are presumptively reasonable for lodestar calculations. *See* Loc. R. App. B.

Here, Fonseka is represented by Scott Mirsky, who has been admitted to practice law for over fifteen years. *See* ECF No. 30 at 3. Fonseka's counsel spent approximately 163.5 hours on this case, at the rate of $325.00 an hour, resulting in $53,137.5 in legal fees. *See id.* at 5. Mr. Mirsky's $325.00 hourly rate is consistent with this Court's rules and guidelines for determining attorney's fees, which notes a guideline range of $275–$425 per hour for attorneys with fifteen or more years of experience. *See* Loc. R. App. B.3. Further, Mr. Mirsky filed the complaint on behalf of his client on November 16, 2014. *See* ECF No. 1. Thus, this case has been pending for around seven months. Mr. Mirsky has analyzed this case with his client, prepared and served written discovery on Defendants, and negotiated the settlement with Defendants and their counsel (which included a seven-hour mediation). *See* ECF No. 30 at 3–5. Mr. Mirsky has also represented Fonseka at a hearing related to Defendants' peace order against Fonseka. *See id.* at 5. Defendants have agreed to a settlement of $78,000 with $30,000 in attorney's fees and $48,000 paid to Fonseka. *See* ECF No. 30-1. Thus, notwithstanding the hours expended, as part of the negotiations in this case, Mr. Mirsky has agreed to reduce his fee to $30,000. *See id.* In light of the facts of this case and the disputes explained above, the Court finds the attorney's fees to be fair and reasonable under the lodestar approach.

6

## III. CONCLUSION

For the reasons stated above, the Joint Motion for Approval of Settlement Agreement, ECF No. 30, is GRANTED.

A separate Order shall issue.

Dated: June 19, 2015

_____
GEORGE J. HAZEL
United States District Judge